IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LATAWYNE D. OSBORNE,**

     Petitioner,

v.                                                  Civil Action No. **3:20CV414**

**JUSTIN F. ANDREWS,**

     Respondent.

**MEMORANDUM OPINION**

Petitioner, a former federal inmate, filed a petition under 28 U.S.C. § 2241 ("§ 2241 Petition") in which he challenges the amount of crack cocaine for which he was held responsible and seeks a lesser sentence in light of the First Step Act.[1] (ECF No. 1, at 6.) On October 11, 2020, the Respondent moved to dismiss noting that Petitioner had already obtained review of his First Step Act claim in the United States District Court for the Eastern District of Tennessee where he was convicted and sentenced, and otherwise cannot meet the "savings clause" required to file a § 2241 petition. (ECF No. 15, at 4–5.) Since the filing of his § 2241 Petition, Petitioner has been released from custody. Therefore, Petitioner is no longer serving the sentence that he attacks in his § 2241 Petition.[2] Moreover, it also appears that Petitioner may no longer be interested in litigating his § 2241 Petition because he has not filed a response to the Motion to Dismiss and has not contacted the Court since his release.

---

[1]     Section 404 of the First Step Act makes the Fair Sentencing Act of 2010 retroactively applicable to defendants who were sentenced pursuant to mandatory minimum penalties that were subsequently altered by the Fair Sentencing Act. *See* First Step Act of 2018, Pub. L. 115–391, § 404(b), 132 Stat. 5194, 5222 (2018).

[2]     On August 5, 2020, Petitioner updated his address to what the Court presumes is his home address, as he indicated that this address was "his current release address." (ECF No. 3, at 1 (capitalization corrected).)

Accordingly, on June 22, 2021, the Court directed Petitioner to show cause within eleven (11) days why the present action should not be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1, 10 (1998); *Wallace v. Jarvis*, 423 F. App'x 328, 328 (4th Cir. 2011) (citations omitted). The Court explained that failure to do so would result in dismissal of the § 2241 Petition without prejudice. More than eleven (11) days have elapsed and Petitioner has not responded. Accordingly, the Motion to Dismiss (ECF No. 15) will be GRANTED, and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

_____/s/_____

Elizabeth W. Hanes
United States Magistrate Judge

Date: July 23, 2021
Richmond, Virginia

2